## CHURCH *v.* SPAULDING.[1]

*(Circuit Court, D. Massachusetts. July 9, 1886.)*

PATENTS FOR INVENTIONS—NOVELTY—INFRINGEMENT.

Letters patent No. 230,745, of August 3, 1880, to Henry A. Church, for an ornamental chain composed of a series of rows of rings, united together by passing connecting wires through orifices in disks or washers forming part of or secured within the outside rings of each alternate row, and securing the ends of the connecting wires within the edge of such outside rings, are valid, and infringed by the same combinations, notwithstanding the ends of the connecting wires are twisted to secure them, instead of clinched, as described in the patent.

In Equity.

*B. F. Thurston* and *W. H. Thurston,* for complainant.

*George D. Noyes,* for defendant.

COLT, J. The defendant is charged with infringement of letters patent No. 230,745, dated August 3, 1880, granted to Henry A. Church, for improvement in ornamental chains. The invention relates to that class of chains known in the trade as roller chains. The characteristic feature of these chains is that the rings of metal are united together by passing connecting wires through the orifices of the rings. Church's patent is for an improved manner of securing the rings or units together to form a chain. The outside rings of each alternate row are made with bottoms to them. Instead of making a ring with a bottom to it, the bottom may be separate and contained within the ring. This form of bottom is called a "washer" in the patent. These outside rings are cup shape, and two holes are punched in the bottoms. The legs of a wire staple pass through these holes, and through the intermediate rings, the projecting legs of the staple being bent over upon the bottom of the outside ring, so that the staple cannot be pulled out.

Prior to the invention of Church, solder was used in fastening the wire to the rings, or the wire straddled the adjacent links of the outside rows, and so projected beyond the edge of the chain. By dispensing with the use of solder, and by confining the connecting wire within the edge of the outside rings, Church made a better and more flexible chain. An inspection of the Dickinson, Clampitt, Davis, and Schewtz patents shows the use of solder, or a connecting wire which projects beyond the edge of the chain proper. In none of these chains do we find any bottoms or washers in the outside rings.

The defendant's patented chain is an improvement on Church's. He uses a filling disk or counter cup, arranged within the outside edge of the end rings, which hides the connecting wire, thereby preventing the collection of dirt on the outside rings, and improving the appear-

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

ance of the chain.   Aside from this improvement, Spaulding has copied in substance the Church invention.   The outer rings of his chain have bottoms to them.   The legs of a staple pass through holes in the bottoms of these outside rings, and through the intermediate rings, in the manner described in the Church patent.   The fact that the ends of the staple are twisted instead of bent over, as in the Church chain, is a mere difference in detail.   The first claim of the Church patent is as follows : "In an ornamental chain, the combination of a series of interlocking rows of rings, or units, with connecting devices concealed within such units, and secured therein by their points being clinched, substantially as specified."   It is clear that the defendant's device infringes this claim.

The device of Church is new and useful.   While the scope of his patent is a narrow one, we do not think it void for want of invention. Decree for complainant.